**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**v.**                                                  **Case No. 07-2432-JWL**
                                                      **Case No. 04-20048-01-JWL**

**BARRY NELSON,**

      **Defendant.**

## MEMORANDUM AND ORDER

**I.    Background**

In 2004 Mr. Nelson was convicted by a jury of several controlled substance offenses under 21 U.S.C. §§ 841 and 856 and firearm offenses under 18 U.S.C. §§ 922 and 924. He was sentenced to a controlling term of 200 months. A search warrant was issued for Mr. Nelson's residence based on a police affidavit that recited how confidential informants made controlled drug purchases from that residence while under police surveillance. Transcript, at 518 (Doc. # 80) The execution of the warrant resulted in the seizure of cocaine, marijuana, PCP, a gun, and documents. Transcript, at 10, 446 (Doc. # 79). On direct appeal, Mr. Nelson argued that two jurors were stricken from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), that a post-arrest statement was admitted in violation of his Fifth Amendment rights, and that the

district court erred in not conducting an evidentiary hearing to evaluate the validity of the search warrant. The court rejected his arguments and affirmed his conviction. *United States v. Nelson*, 450 F.3d 1201 (10th Cir. 2006). The United States Supreme Court denied Mr. Nelson's petition for certiorari on October 2, 2006. *Nelson v. United States*, 127 S.Ct. 326 (2006). The matter is presently before the court on Mr. Nelson's pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). (Doc. # 98) His Motion is denied for the following reasons.

**II.     Legal Standard**

This court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "[A] claim based on events alleged to have occurred outside the courtroom, and upon which the record casts no light, require an evidentiary hearing unless the allegations are so vague or conclusory as to permit summary disposition." *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir.1996). A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999), quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

**III.    Discussion and Analysis**

**A.    Standard for Demonstrating Ineffective Assistance of Counsel**

To be entitled to an evidentiary hearing, Mr. Nelson "must have alleged facts which, if proven, would establish he received ineffective assistance of counsel. Thus, [he is] required to make credible allegations [that] his counsel's performance was deficient and that the performance prejudiced him."  *Lasiter v. Thomas*, 89 F.3d 699 (10th Cir. 1996), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court "may address the performance and prejudice components in any order, but need not address both if [Mr. Nelson] fails to make a sufficient showing of one."   *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir.1998). Counsel's performance is evaluated from his perspective at the time of that performance, considered in light of all the circumstances.  There is a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.   Although this court is required to construe liberally a pro se petitioner's application for relief under section 2255, conclusory allegations without factual basis are insufficient to support claims of ineffective assistance of counsel. *United States v. Fisher*, 38 F.3d 1144, 1148 (10th Cir.1994) (internal citations omitted).

**B.    Mr. Nelson has the burden to prove that his counsel was ineffective.**

In his Traverse, Mr. Nelson makes a sweeping assertion relevant to all his ineffective assistance claims that the government should bear the burden of proving Mr. Nelson was not prejudiced. For example, he relies on *McQueen v. Swenson*, 498 F.2d 207 (8th Cir. 1974), for the proposition that where there are changed circumstances or counsel's ineffective assistance

3

has been so pervasive, the burden should shift to the government to prove he was not prejudiced. Not only do the cited cases apply standards prior to the principal case of *Strickland*, but also Mr. Nelson alleges no changed circumstances or any facts regarding how his counsel's alleged ineffectiveness was so pervasive that it impaired his ability to present his case. In evaluating his claims, this court relies on the standards set forth in *Strickland*. Mr. Nelson, as the movant, bears the burden of proving he was prejudiced by his counsel's actions. *Strickland*, 466 U.S. at 694 ("The *defendant must show* that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (emphasis added)).

**C.    By making only conclusory allegations, Mr. Nelson did not allege facts which, if proven, would establish he received ineffective assistance of counsel, nor did he show how any alleged failures prejudiced his case.**

A liberal interpretation of Mr. Nelson's petition reveals several allegations that his trial counsel provided ineffective assistance. Despite making the multiple allegations discussed in this section, Mr. Nelson has not articulated facts that show deficiency in his counsel's performance or how he was prejudiced by such actions. He has not made the requisite showing to be entitled to an evidentiary hearing or relief based on his Motion. *See Lasiter*, 89 F.3d 699 (10th Cir. 1996) (petitioner must put forth specific factual allegations showing deficient performance and prejudice).

Mr. Nelson points to the fact that counsel did not file certain motions or move for mistrial to allege his counsel was ineffective. He provides no reasoning or basis as to why counsel

4

should have done so or how he was prejudiced by such omissions. Specifically, he alleges counsel was ineffective by not moving for mistrial and not filing a motion to quash the indictment, a motion for discovery, a motion for speedy trial, and a motion to produce exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963). He provides no further discussion or argument regarding these alleged failures. They are conclusory statements insufficient to support an ineffective assistance of counsel claim. For example, as to the last of these motions, a similar situation was addressed in *United States v. Thompson*, 66 Fed. Appx. 837, 2003 U.S. App. LEXIS 11466 (10th Cir. 2003) (unpublished). "To establish a *Brady* violation, [the defendant] must demonstrate (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense. [The defendant] fails to identify the evidence the government allegedly withheld or how that evidence was favorable to his defense. A mere conclusory allegation does not establish a *Brady* violation and is insufficient to support an ineffective assistance of counsel claim." (internal quotation omitted)). Likewise, Mr. Nelson does not identify any evidence, how the evidence would have been favorable to him, or how it was material to his defense.

Similarly, Mr. Nelson provides no basis on which his counsel should have filed any other motions. He did not identify how the indictment was insufficient such that counsel should have filed a motion to quash the indictment, what discovery was missing such that counsel should have filed a motion for discovery, what the time calculations were such that counsel should have filed a motion to dismiss for speedy trial violation, or at what point in the trial and on what basis counsel should have moved for a new trial. It appears that Mr. Nelson argues that these filings

are a fundamental right as part of effective assistance of counsel in a criminal case, no matter what the basis. This, however, is not the case as counsel in no way is required to file a meritless motion. *See Jackson v. United States*, 2007 WL 3209985 (10th Cir. Oct. 30, 2007) ("Counsel is not required by the Sixth Amendment to file meritless motions." *Quoting United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995)).

Mr. Nelson further alleges counsel failed to preserve errors, file a bill of exceptions, and invoke the rule against witnesses. Again, like the motions that should have allegedly been filed, Mr. Nelson articulates no facts that if proven true would entitle him to relief. He has not shown how these "failures" constituted deficient performance or how, but for counsel's actions, the outcome of his case would have been different.

He also alleges that his counsel failed to conduct a reasonable amount of pretrial investigation and develop facts relating to Mr. Nelson's trial. He does not assert what facts would have been uncovered from an adequate pretrial investigation, nor does he show how this was prejudicial; this claim is also without merit. *See Cummings v. Sirmons*, --- F.3d ---, 2007 WL 3151807, *12 (10th Cir. Oct. 30, 2007) (defendant's ineffective assistance claim failed on the merits where he failed to identify what relevant evidence trial counsel failed to investigate and present).

Mr. Nelson also claims that counsel ineffectively failed to investigate and raise a "third-party commission defense." It unclear what Mr. Nelson is referring to because he did not state

6

who the third party was or what evidence would have supported such a defense.[1]  The claim is also denied because he has not met his burden to show that but for this action, the outcome of his case would have been different, particularly in light of the evidence seized at Mr. Nelson's residence pursuant to the search warrant that corroborated the information from the controlled purchases.

Mr. Nelson also argues his counsel failed to research criminal background information that could have been used to impeach Mr. Nathan Jones, an informant and witness against him. Even if true, Mr. Nelson "has failed to demonstrate a reasonable probability that such impeachment would have led to an acquittal." *United States v. Woodard*, 166 F.3d 1223 (discussing allegation that defendant's trial counsel was ineffective for failing to impeach a codefendant).  This is especially the case where the record shows that Mr. Nelson's counsel impeached Mr. Jones's credibility in other ways, such as asking him about his revenge motive, inconsistencies with his prior statements, and exposing that Mr. Jones continued to use drugs while under contract with the police task force.  Despite these attacks, Mr. Nelson was still found

---

[1] To the extent that Mr. Nelson is referring to Mr. Nathan Jones, the informant who made the controlled buys as the third party, his counsel did point the jury to possible deficiencies in the informant's testimony, as well as other motives the informant may have had for alleging he made the purchases from Mr. Nelson. Therefore, if he is referring to Mr. Jones, this alleged "failure" to investigate and raise a defense is contradicted by the record. For example, in cross-examination he asked Mr. Jones, whether before the controlled purchase the officers had frisked him and searched his mouth for drugs, whether it was possible he could have hid the cocaine on his person, and what other people he knew in that same apartment complex (all implying there was an alternative source for the drugs). Transcript, at 340-50. (Doc. # 79)  It is unclear what else Mr. Nelson thinks his counsel should have done or how any possible failure constituted deficient performance or prejudiced his case.

guilty, so there is nothing to show that had counsel impeached him based on a criminal background (of which Mr. Nelson gives no details) the outcome of the case would have been different.

Last, Mr. Nelson claims that his counsel failed to interview or call witnesses on his behalf. He failed to provide the identities of any of these witnesses or what they would have testified. No relief or evidentiary hearing is warranted. *See United States v. Nicholson*, 2007 WL 1982190 (10th Cir. July 10, 2007) (finding that defendant's allegation about possible testimony was insufficient to establish he was actually prejudiced because he offered no insight to what the testimony would have been, how it would have discredited other evidence, or how it would have accounted for his participation in the criminal scheme); *United States v. Sands*, 968 F.2d 1058, 1066 (10th Cir. 1992) ("[The defendant] complains that defense counsel failed to contact or question potential witnesses, but never provides the names or probable testimony of these witnesses. Nor does he explain how he was prejudiced by the lack of testimony. While we agree that a district court should conduct an inquiry when a colorable claim of ineffective assistance of counsel . . . , [the defendant's] claim . . . is not colorable").

**D.     Mr. Nelson's other ineffective assistance of counsel claims are contradicted by the record, and he has failed to demonstrate prejudice.**

Mr. Nelson asserts counsel failed to raise the Fourth Amendment argument to exclude evidence based on the sufficiency of the informant's tip. Mr. Nelson's counsel filed a "Motion for Hearing Under *Franks v. Delaware* to Suppress Evidence Seized in a Search Warrant" (Doc.

# 24) with this court and the issue was again challenged on direct appeal.[2]  The motion was denied by this court and the appellate court agreed.  The Tenth Circuit acknowledged that "[a]n affidavit in support of a search warrant must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *Nelson*, 450 F.3d at 1214.  Because of the independent corroboration of the informant's information by police surveillance, however, "the confidential informant's credibility or veracity would not change the outcome because it does nothing to defeat a showing of probable cause."  *Id.*  Therefore, Mr. Nelson's counsel already challenged the sufficiency of the informant's tip by challenging the omission of information regarding the informants' credibility and veracity.  This allegation that counsel was ineffective by not challenging the informant's tip is directly contradicted by the record and has already been decided on direct appeal, *see United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994) (refusing to consider arguments raised in a § 2255 proceeding that had been previously raised on direct appeal).  An evidentiary hearing on the issue is not warranted.[3]

---

[2] In the memorandum supporting the motion, counsel made the argument that a hearing was necessary because of the "the material omissions of criminal record, motive, and flawed 'controlled buy' method in this case."  He challenged whether probable cause would have existed for the issuance of the search warrant if this missing information had been included, or in other words, whether the informants' tips were sufficient and reliable.

[3] In a related issue regarding the search warrant, it is unclear what argument Mr. Nelson makes by his statement, "Further, even though counsel objected to the credibility of officer Mark Allen Gambrill, such critical matters as the information leading to the search warrant." Motion, at 4.  Mr. Nelson cites a portion of the transcript where the court explains that the credibility relevant to Officer Gambrill's testimony was limited , and it was not relevant to the extent it was important purely for the issuance of the search warrant.  The court went on to state, "You stipulated to everything that happened as of, really, at the search

Mr. Nelson also states that counsel prejudiced his defense "by not attempting to raise a defense at his trial." In his Traverse he also claims counsel failed to assert defenses of potential merit that either contradicted or mitigated important elements of the government's case. First, he provided no evidence of what defenses should have been raised other than the "third party commission defense," previously discussed. Also, the claim that he did not raise "a defense" is contradicted by the record. By reviewing counsel's questioning of witnesses and his closing argument it is obvious that he did present a defense by proposing to the jury that loopholes existed in the informant's actions and credibility. Therefore, the claim that no defense was presented is contradicted by the record. With no information given as to the other potential defenses, such as what those defenses were or facts that corroborate their potential existence, Mr. Nelson has again failed to provide facts on which he can succeed.

**D.     The court did not err in interpreting that a conviction under 18 U.S.C. § 924(c)(1) can be based on "possession."**

Mr. Nelson alleges both that his counsel failed to object and the court erred by applying 18 U.S.C. § 924(c)(1), which triggered a separate consecutive sentence. (Doc. # 73) Mr. Nelson was indicted under this statute in Count 5 for using and possessing a firearm in violation of

---

warrant because you allowed all that evidence to come in without an objection. So really the only thing that is credibility about this witness is did he have some reason to suspect [the informant] wasn't telling him the truth." Trial Transcript, at 574. While not entirely clear, it appears Mr. Nelson uses this discussion with the court to show that his counsel should have objected to the evidence in the search warrant. However, once again, Mr. Nelson has failed to show a reasonable probability that this would have changed the outcome of his case or why or how this constituted deficient performance.

10

section 924(c).  (Doc. # 1)  However, at the trial this court found the evidence insufficient to establish the "use" of the firearm and instructed the jury only on possession of the firearm in furtherance of a drug trafficking crime.  (Doc. # 58, Instruction 17; Doc. # 80, at 145)

The statute reads, ". . . any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime– (i) be sentenced to a term of imprisonment of not less than 5 years . . ." 18 U.S.C. § 924(c)(1)(A).  Mr. Nelson's alleges that Congress did not intend possession alone to trigger liability under § 924(c) and that the meaning of "possessed" was too broad.  He states that "had Congress intended possession alone to trigger liability under § 924(c)(1), it easily could have so provided" as it had in other gun-crime statutes.  He then focuses his argument on the interpretation of the term "uses," and states that the question faced is what evidence is required to permit a jury to find that a firearm has been used.

Mr. Nelson's argument is defeated by the very language of the statute.  It punishes those who during the commission of the crime, use or carry a firearm, *or* possess one in furtherance of the crime.  Mr. Nelson is correct that prior to the 1998 amendment that added "possessed," section 924(c) was not intended to punish possession alone.  *United States v. Iiland*, 254 F.3d 1264, 1271 (10th Cir. 2001).  After the amendment, however, possession is sufficient under the statute when the "firearm was possessed to advance or promote the commission of the underlying offense." *Id.*, *citing* H.R. Rep. No. 105-344, 1997 WL 668339, at 9 (1997).  Thus, Mr. Nelson's arguments that criminalizing "possession" is too broad is refuted by the "in

11

furtherance of" provision, and his argument that the statute does not punish possession at all is contrary to the statutory language itself. Thus, Mr. Nelson's argument is without merit.[4]

## IV.  Conclusion

Mr. Nelson's claims are all without merit. His counsel's alleged failures, therefore, did not fall below the standard of effective counsel required by the Constitution. There is no basis to grant an evidentiary hearing or grant the section 2255 motion on the merits.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Nelson's Motion to Vacate under section 2255 is **DENIED**.

**IT IS SO ORDERED.**

Dated this 28th day of November, 2007.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge

---

[4] Because his conviction was not based upon "use," as indicated by the jury instruction, Mr. Nelson's arguments regarding the interpretation of that term are moot.