## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 07-2432-JWL** |
| ) | **Case No. 04-20048-01-JWL** |
| ) | |
| **BARRY NELSON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### <u>MEMORANDUM AND ORDER</u>

In 2004 Mr. Barry Nelson was convicted by a jury of several controlled substance offenses under 21 U.S.C. §§ 841 and 856 and firearm offenses under 18 U.S.C. §§ 922 and 924. In a Memorandum and Order (doc. 105) dated November 28, 2007, the court denied Mr. Nelson's Motion to Vacate under 28 U.S.C. § 2255. The matter currently before the court is Mr. Nelson's Objection or Alternatively Motion for Reconsideration of Memorandum and Order Dated November 28th, 2008 Entered by John W. Lungstrum, U.S. District Judge and Received by Defendant on May 28th, 2008 ("Motion for Reconsideration") (doc. 118). For the reasons set forth below, the Motion is denied. In addition, the extent that his Motion is actually a second or successive § 2255 claim, as discussed below, it is dismissed for lack of jurisdiction.

I.      Background

On September 10, 2007, Mr. Nelson filed his Motion to Vacate under 28 U.S.C. § 2255 (doc. 98).  The court set an October 12, 2007, deadline for the Government's response and a November 13, 2007, deadline for Mr. Nelson's reply.  On November 28, 2007, this court issued a Memorandum and Order (doc. 105) denying Mr. Nelson's Motion to Vacate because his arguments were conclusory, contradicted by the record, or based on misinterpretations of the applicable law.

On March 31, 2008, Mr. Nelson filed a Supplement (doc. 112) to his Motion to Vacate.  Mr. Nelson's supplemental argument was that the "indictment is void because there is no complaint, affidavit, and no warrant signed by a magistrate, and[/]or the defense counsel refused . . . to preserve these issues . . . ."  (doc. 112, at 1)  On May 19, 2008, Mr. Nelson filed a Status Report (doc. 115) stating that he never received a copy of the Memorandum and Order (doc. 105).  Mr. Nelson was mailed a copy, and the certified mail receipt was returned on June 2, 2008.  On June 13, 2008, Mr. Nelson filed the Motion for Reconsideration currently before the court.   In the Motion for Reconsideration, Mr. Nelson argues that the court's November Memorandum and Order is void because it had not considered his supplemental filing prior to entry of its judgment.  He also focuses in his Motion on the arguments raised in his supplemental response regarding the validity of his indictment and arrest warrant.  On July 13, 2008, the Government filed its Response (doc. 122) to the Motion for Reconsideration, and Mr. Nelson filed his Reply (doc. 123) on July 28, 2008.

2

II.     **Standard**

It is not entirely clear which standard should apply to this motion titled as a Motion for Reconsideration.  Typically, motions to reconsider, as Mr. Nelson's motion is titled, are decided under a Federal Rule of Civil Procedure 59(e) standard or a Rule 60(b) standard.  Rule 59(e) applies when the motion to reconsider is filed within ten days of the judgment.  *See Berrey v. Asarco Inc.*, 439 F.3d 636, 641 n. 3 (10th Cir. 2006) (stating "motion for reconsideration" filed within ten days of judgment is treated as Rule 59(e) motion).  Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.*  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

A Rule 60(b) standard is applied when more than ten days passed since the entry of judgment.  Which rule applies to a motion depends essentially on the time a motion is served.  *Van Skiver*, 952 F.2d at 1243 (10th Cir. 1991) ("If a motion is served within ten days of the rendition of [the order], the motion ordinarily will fall under Rule 59(e).  If the motion is served after that time it falls under Rule 60(b)" (citation omitted)).  A Rule

3

60(b) motion is not a vehicle to reargue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996).  Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency*, 231 F.3d 694, 697 (10th Cir. 2000).[1]

The first issue in determining the appropriate standard in this case is that there is no record that the clerk's office mailed a copy of the court's November 28, 2007, entry of its Memorandum and Order until Mr. Nelson requested it in May 2008.  It is not entirely clear, therefore, whether the court should evaluate the motion under a Rule 59(e) standard or Rule 60(b) standard.  It appears that Mr. Nelson did not have notice of entry of the judgment within ten days in order to be able to meet that deadline set forth in Rule 59(e).

---

[1]

   Exceptional circumstances include:

   (1) mistake, inadvertence, surprise, or excusable neglect;
   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
   (4) the judgment is void;
   (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

4

The court, however, finds it unnecessary to decide whether the Rule 59(e) standard or the Rule 60(b) standard applies because Mr. Nelson's claims fail under either, as subsequently discussed in Part III.

That is not, however, the end of the analysis.  The Tenth Circuit also has explained that the district court must undertake an analysis of how to construe a motion to reconsider in the context of § 2255 cases. *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006) (considering whether a Rule 60(b) motion was actually a second or successive § 2254 motion); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (explaining that "*Spitznas* involved the interplay between § 2254 and Rule 60(b) . . . [but] the same mode of analysis applies when addressing the restriction on second or successive motions contained in § 2255," and also explaining that "Rule 59(e) motions are subject to the same characterization" as Rule 60(b) motions that should be construed as second or successive habeas petitions).[2]  Motions to reconsider cannot be used to circumvent the strict requirements for filing a second or successive § 2255 motion.  The court must "distinguish between Rule 60(b) motions and second or successive habeas petitions that merely masquerade as Rule 60(b) motions." *Clemmons v. Davies*, 198 Fed. Appx. 763, 2006 WL 2898697 (10th Cir. Oct. 12, 2006) (citing *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006)).

---

[2]    The court quotes and cites to cases related to Rule 60(b) motions throughout its discussion, but to the extent this court were to construe the motion as a Rule 59(e) motion, the same standards apply in determining whether the Motion for Reconsideration should be construed as a second or successive habeas petition. *See generally Pedraza*, 466 F.3d at 933.

[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

[An] example[] of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include[s] . . . a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition.

. . . .

By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition.

*Spitzas*, 464 F.3d at 1216 (citing and quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

Here, Mr. Nelson challenges in his Motion to Reconsider this court's failure to consider his supplemental pleading, claiming that its previously issued Memorandum and Order is void as a result. When an issue raised is "whether the district court failed to consider one of the claims he had raised in his habeas petition," "this issue represents a 'true' 60(b) claim [because i]t asserts a defect in the integrity of the federal habeas proceedings." *Peach v. United States*, 468 F.3d 1269 (10th Cir. 2006). Mr. Nelson also raises issues in his Motion for Reconsideration related to the validity of his indictment and arrest warrant, which are essentially reiterations of the arguments in his Supplement. In so doing, he is "seeking to present . . . claim[s] of constitutional error omitted from

6

[Mr. Nelson's] initial habeas petition," which are more akin to a motion that "should be treated as a second or successive" motion. *See Spitznas*, 464 F.3d at 1216. "In the case of a 'mixed' motion—that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims—the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization." *Id.* at 1217. Accordingly, the court will address the fact that it did not consider Mr. Nelson's Supplement in its November 2007 Memorandum and Order under the Rule 59(e) and 60(b) standards. As to the issues related to the validity of his indictment and arrest warrant that Mr. Nelson argues on the merits but omitted from his initial § 2255 motion the court will determine whether to exercise its discretion to transfer the matter to the Tenth Circuit for authorization of a second or successive motion or to dismiss it for lack of jurisdiction. *See In re: Cline*, 531 F3d 1249 (10th Cir. 2008).

III.    Discussion

**A.      Reconsideration concerning original claims**

Mr. Nelson claims that this court's November 2007 Memorandum and Order (doc. 105) denying his § 2255 motion is void because the court did not consider his supplemental filing (doc. 112) before making its ruling. First, Mr. Nelson filed his supplemental response more than four months after the court issued its Memorandum and Order and four and one half months after his reply deadline of November 13, 2007.

7

Second, he did not seek leave of court nor did the court grant leave, and he filed his supplement after the government's response.  The court, therefore, is not required to consider the supplemental pleading prior to ruling on the § 2255 motion.  *See* Fed. R. Civ. Pro. 15(a)(2); *see also United States v. Shaifer*, No. 02-00217, 2006 WL 932020 (D. Colo. Apr. 10, 2006) ("Defendant's supplemental claim is an entirely new claim under § 2255 that was not previously raised by him in this court at any time before the government filed and served its responsive pleading to defendant's original § 2255 motion.  Accordingly, defendant's original § 2255 motion may be amended by the addition of the new claim only by leave of the court upon a determination that 'justice so requires.'").

Mr. Nelson's underlying arguments in his Supplement (which are essentially identical to the issues raised in his Motion for Reconsideration, which this court considers below) also are without merit.  He argues that under Federal Rules of Criminal Procedure 3 and 4, his indictment is void because there was no complaint, affidavit, or warrant, and the warrant was not signed by a judge.  He also argues that his counsel provided constitutionally ineffective assistance for failing to raise this issue.  The underlying claim as to the validity is without merit, and his counsel, therefore, was not ineffective.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Nelson confuses the rules that relate to the criminal procedures utilized in his case.  While Mr. Nelson bases his argument on Federal Rules of Criminal Procedure 3 and 4, those are inapplicable in his case.  He argues that his conviction should be vacated

8

because no complaint was filed in his case, because the indictment was not signed by a judge, and because there was no affidavit submitted with the indictment. Mr. Nelson was indicted (doc. 1) and an arrest warrant was returned based on that indictment (doc. 13). The arrest warrant was signed by the Clerk of Court and it included a description of the offenses for which he was charged. Rule 7 governs indictments and states that an indictment must be used when the offense is punishable by imprisonment for more than a year, which was the case here. Additionally, Rule 9 sets forth the procedures for the warrant based on an indictment, and states that the "warrant must conform to Rule 4(b)(1) *except that it must be signed by the clerk*," as opposed to a "judge," as stated in Rule 4(b)(1). Moreover, the court finds instructive and persuasive the relevant explanation in *United States v. McLain*, 559 F.Supp.2d 983, 992 (D. Minn. 2008):

> The Defendant contends that his arrest warrant was invalid because it was not supported by an affidavit under oath or affirmation and that it was not signed by a magistrate.
>
> The Supreme Court has held that "an indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury' conclusively determines the existence of probable cause and requires issuance of an arrest warrant without further inquiry." *Ex parte United States*, 287 U.S. 241, 250, 53 S.Ct. 129, 77 L.Ed. 283 (1932). The Advisory Committee Notes to Federal Rule of Criminal Procedure 9 state that the Supreme Court's holding in *Ex parte United States* means that warrants may issue upon indictments and do not require sworn affidavits; the indictment itself provides the probable cause to issue the arrest warrant.
>
> The Defendant also contends that the arrest warrant was invalid because it was not signed by a magistrate. Rule 9(b)(1) provides that an arrest warrant "must conform to Rule 4(b)(1) except that it must be signed by the clerk and must describe the offense charged in the indictment or information." Even though Rule 4(b)(1)(D) requires that a warrant be signed by a judge, Rule 9(b)(1) has been interpreted as requiring the signature of a clerk and not the signature of a judge for an arrest warrant

9

issued pursuant to Rule 9. *See, e.g.*, *United States v. Smith*, 424 F.3d 992, 1008 (9th Cir.2005). In this case, the arrest warrant was signed by the deputy clerk and is therefore sufficient.

These are the same arguments advanced by Mr. Nelson in this case, which this court finds to be without merit for the same reasoning set forth in *McLain*.

Accordingly, Mr. Nelson has failed to meet the standards for a motion to reconsider either under Rule 59(e) or 60(b). Under Rule 59(e), there has been no intervening change in the controlling law, no new evidence previously unavailable, and there is no need to correct clear error or prevent manifest injustice. Under Rule 60(b), there are no exceptional circumstances present. Mr. Nelson's Motion for Reconsideration, therefore, is denied as to the issue that the court should have considered his March Supplement (doc. 112) previous to issuing its November Memorandum and Order (doc. 105).

B.    **Disposition of new claims**

The Tenth Circuit has recently clarified that its holding in *Coleman v. United States*, 106 F3d 339 (10th Cir. 1997), does not mandate transfer to the Circuit of all unauthorized second or successive habeas claims and that district courts retain discretion under 28 U.S.C. § 1631 to determine whether or not it is in the interests of justice to do so. *See Cline,* 531 F3d at 1251. *Cline* identified various non exclusive factors for a court to consider in deciding whether a transfer is in the interests of justice:

> [w]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other

10

hand, it was clear at the time of filing that  the court lacked the requisite jurisdiction.

All of these factors weigh against Mr. Nelson.   Because the Supreme Court denied his petition for a writ of certiorari in October of 2006, a newly filed § 2255 would have been time barred either as of the date he filed his "supplement" (March 31, 2008) or the date he filed the reconsideration motion (June 13, 2008).  Moreover, as discussed above, the claims clearly lack merit.  Finally, it was clear at the time of the filing that this court lacked jurisdiction.   To the extent that the court treats this motion as a second or successive § 2255, then, it does not believe that the interests of justice would be served by transfer to the Tenth Circuit and the court dismisses it for lack of jurisdiction.

**IT IS HEREBY ORDERED** that Mr. Nelson's Motion for Reconsideration (doc. 118) is denied in part to the extent that the court evaluated it under Rules 59(e) and 60(b), as previously discussed.  The remaining issues related to the validity of the indictment and the arrest warrant, raised in the Motion for Reconsideration, are construed as a second or successive § 2255 motion and because the court is without jurisdiction to decide them, the motion to that extent is dismissed.

**IT IS SO ORDERED.**

Dated this 12th  day of September, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

11

12