IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                                                             Case No. 04-20048-JWL

**Barry D. Nelson,**

       **Defendant.**

## MEMORANDUM & ORDER

On September 3, 2004, a jury found defendant Barry D. Nelson guilty of various crack cocaine and firearm offenses. A presentence investigation report (PSR) was prepared, assessing Mr. Nelson a criminal history category of VI and an adjusted offense level of 28, with a resulting guidelines range of 140 to 175 months' imprisonment. The court sentenced Mr. Nelson to a term of 140 months' imprisonment on the crack cocaine offenses and a 60-month consecutive sentence on the § 924(c) conviction, for a total term of 200 months' imprisonment. Mr. Nelson filed an appeal challenging certain issues which was denied by the Circuit. He then filed a § 2255 petition which was denied by this court.

In March 2008, Mr. Nelson filed a § 3582(c) motion based on Amendment 706. This court granted that motion over the government's objection and lowered Mr. Nelson's sentence on the crack cocaine offenses to 120 months' imprisonment—the statutory mandatory minimum sentence under the law in effect at that time—with 60 months consecutive for the § 924(c) conviction. Mr. Nelson has now filed another motion for a reduction of sentence pursuant to § 3582(c) (doc. 139). In his motion, Mr. Nelson seeks a further reduction in his sentence based on

the Fair Sentencing Act of 2010, which reduced the statutory mandatory minimum sentencing penalties for crack cocaine.  He further requests that the court modify his sentence such that the 60-month sentence for the § 924(c) conviction run concurrently with the 120-month sentence.  As will be explained, the motion is denied.

The Fair Sentencing Act of 2010 does not apply retroactively to defendants, like Mr. Nelson, sentenced before its August 3, 2010 effective date.  *United States v. Murphy*, 2012 WL 5359297, at *3 (10th Cir. Nov. 1. 2012).   The Fair Sentencing Act, then, affords Mr. Nelson no relief.  To the extent Mr. Nelson's motion can be construed as seeking relief under Amendment 750 to the Sentencing Guidelines, his motion is also denied.  Although Amendment 750 may be applied retroactively, *id*., the court may not further reduce Mr. Nelson's sentence because it reflects the statutory mandatory minimum under the law in effect at the time of Mr. Nelson's sentencing.  *See United States v. Wilson*, 421 Fed. Appx. 822, 825 (10th Cir. 2010) ("As Amendment 706 to the Sentencing Guidelines did not reduce the statutorily defined mandatory minimum, the district court necessarily lacked the authority to reduce Wilson's sentence pursuant to 18 U.S.C. § 3582(c)(2)."); *United States v. Wilson*, 2012 WL 3217606, at *2 n.7 (10th Cir. Aug. 9, 2012) ("Even though Amendment 750 is retroactive, the operation of the statutory mandatory minimum sentence . . . precludes a sentence reduction under 18 U.S.C. § 3582(c)(2).").   Mr. Nelson, then, is not entitled to a reduction in his sentence pursuant to the Fair Sentencing Act of 2010 or Amendment 750.  *See United States v. Humphries*, 2012 WL 5458028, at *1 (2nd Cir. Nov. 9, 2012) (Amendment 750 does not apply retroactively to enable court to reduce sentence below the statutory mandatory minimum in effect at the time of the original conviction and sentencing).

In support of his argument that the court should modify his sentence such that the 60-month sentence for the § 924(c) conviction run concurrently with his 120-month sentence for the crack cocaine convictions, Mr. Nelson relies on the Second Circuit's opinion in *United States v. Whitley*, 529 F.3d 150 (2d Cir. 2008). In *Whitley*, the Second Circuit held that a mandatory minimum sentence under § 924(c) need not run consecutively to any greater mandatory minimum sentence. *Id.* at 153. As the Second Circuit has since recognized, however, the Supreme Court has rejected the Second Circuit's interpretation of § 924(c) and has clarified that a district court is required by law to impose the mandatory minimum sentence on a § 924(c) count of conviction to run consecutive to the concurrent mandatory minimum sentences imposed on controlled substances offenses. *United States v. Praylow*, 419 F.ed Appx. 63, 64 (2nd Cir. Apr. 6, 2011) (citing *Abbott v. United States*, 131 S. Ct. 18, 23 (2010)). The court, then, cannot modify Mr. Nelson's sentence in the manner he requests. *See United States v. Villa*, 589 F.3d 1334 (10th Cir. 2009) (expressly rejecting *Whitley*; mandatory minimum sentence under § 924(c) must run consecutively to the § 841 sentence).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Nelson's motion under 18 U.S.C. § 3582(c)(2) (doc. 139 ) is **denied**.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge